**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0474V

| | |
|---|---|
| ADRIANNE HICK, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 12, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 21, 2020, Adrianne Hick filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination she received on October 18, 2018. Petition at 1. On December 29, 2022, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,693.70 (representing $35,099.40 in fees, $2,194.30 in attorney's costs, and $400.00 for Petitioner's out-of-pocket expenses). Petitioner's Application for Attorneys' Fees and Costs, filed July 28, 2023, ECF No. 42. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred $400.00 in out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on August 4, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 43.

On August 7, 2023, Petitioner filed a reply, criticizing Respondent's lack of a specific response to his motion and reiterating that she is entitled to an award of attorney's fees and costs. Petitioner's Reply to Respondent's Response to Petitioner's Application for Fee and Costs. ECF No. 44. Petitioner insists that "Petitioner's counsel has accurately recorded the time spent on this case and has filed receipts for documenting the litigation expenses incurred." *Id.* at 1.

Having considered the motion along with the invoices and other proof filed in connection, I find several reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum.*

*Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 42-1. Petitioner has also requested 2023 attorney hourly rates as follows: $463 for work performed by Leah Durant - representing a rate increase of $22. *Id.* at 8. I find this hourly rate to be reasonable.

However, a few of the tasks performed by Ms. Durant are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of fees to be awarded by **$470.50**.[4]

### B. Hours Billed

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive. *See* Petitioner's Motion for Ruling on the Record, filed

---

[3] These entries describing the preparation and filing of medical records as exhibits in this case, dated as follows: 5/1/20, 9/24/22, and 10/29/21. ECF No. 42-1 at 2, 4-5.

[4] This amount consists of ($395 - $160) x .7 hrs. + ($420 - $165) x 1.2 hrs. = $470.50.

3

Oct. 29, 2021, ECF No. 24; Petitioner's Reply to Respondent's Response to Petitioner's Motion for a Factual Ruling, filed Dec.1 2021, ECF No. 28. Petitioner's counsel expended approximately 34.7[5] hours on briefing – 19.7 hours drafting her initial motion and 15.0 hours drafting the reply. ECF No. 42 at 5-6. My above calculation does not include time spent communicating with Petitioner, analyzing and preparing additional supporting damages documentation such as medical records, diary entries, and affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 46-1 at 7 (first entry dated 7/30/21).

It is unreasonable for counsel to spend so much time briefing the factual issue of onset in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[6] in which attorneys have accomplished a similar task in about half the time.[7] *See*, e.g., *Alsip v. Sec'y of Health & Hum. Servs.*, No. 21-1815V (Mar. 22, 2023) (9.6 billed for a brief regarding severity); *Law v. Sec'y of Health & Hum. Servs.*, No. 21-0699V (Feb. 23, 2023) (13.2 hours billed for a brief regarding severity); *Smith v. Sec'y of Health & Hum. Servs.,* No. 19-0314V (Apr. 26, 2022) (11 and 5 hours billed for drafting a motion and reply for a factual ruling regarding onset).

Although I still find the amount of time expended to be excessive, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-1319V, 2023 WL 7104781 (Fed. Cl. Spec. Mstr. Aug. 31, 2023). Having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 34.7 hours, or $11,562.50)** by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[8] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each

---

[5] These totals are calculated as follows: 31.7 hours billed on 10/25/21, 10/26/21, 10/29/21, 11/26/21, and 11/30/21 by Christopher Williams at a rate of $325 and 3.0 hours billed on 11/12/21 and 12/1/21 by Leah Durant at a rate of $420.

[6] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[7] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Feb. 7, 2024).

[8] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,312.50.[9]**

## ATTORNEY COSTS

Petitioner requests $2,194.30 for attorney's costs and $400.00 for Petitioner's out-of-pocket expenses. And she has provided supporting documentation for all claimed attorney costs. ECF No. 42-2. Additionally, Respondent offered no specific objection to the rates or amounts sought. Thus, I will award the amount of attorney's costs sought in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $34,910.70[10] as follows:**

- **A lump sum of $34,510.70, representing reimbursement in the amount of $32,316.40 for attorney's fees and in the amount of $2,194.30 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Leah VaSahnja Durant; and**

- **A lump sum of $400.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[11]

**IT IS SO ORDERED.**

---

[9] This amount is calculated as follows: (31.7 x $325 x .20) + (3.0 x $420 x .20) = $2,312.50.

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master